UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SACRAMENTO DOWNTOWN ARENA LLC, et al., | No. 2:21-cv-0441 KJM DB |
| Plaintiffs, | ORDER |
| v. | |
| FACTORY MUTUAL INSURANCE COMPANY, et al., | |
| Defendants. | |

    This matter came before the undersigned on August 18, 2023, for hearing of defendant's motion to compel pursuant to Local Rule 302(c)(1). (ECF No. 75.) Attorney Sean Coyle appeared via Zoom on behalf of plaintiffs. Attorney Bryce Friedman appeared via Zoom on behalf of defendant Factory Mutual Insurance Company ("Factory Mutual"). Oral argument was heard, and defendant's motion was taken under submission.

    The parties' dispute concerns defendant's subpoena to non-party Hub-International Insurance Services, Inc., ("Hub"). (JS (ECF No. 76) at 2.) Hub is plaintiff's insurance advisor and broker. (Id.) According to defendant, "Hub agreed to produce documents" but "Sacramento intercepted Hub's documents" and instead responded by, eventually, producing "a revised Privilege Log" asserting the documents were protected pursuant to attorney-client privilege and

1

as work product.  (Id.)  Defendant argues that it "has reason to believe Sacramento is withholding not privileged documents." (Id. at 3.)  Defendant "requests the Court grant in camera review of the 31 Hub documents that Sacramento has logged and order Sacramento to produce all documents it is improperly withholding." (Id.)

"'The party asserting the privilege has the burden of making a prima facie showing that the privilege protects the information that the party intends to withhold.'" Diamond State Ins. Co. v. Rebel Oil Co., Inc., 157 F.R.D. 691, 698 (D. Nev. 1994) (quoting In re Grand Jury Investigation, 974 F.2d 1068, 1071 (9th Cir. 1992)). "In considering whether a proponent of the privilege is entitled to protection, the Court must place the burden of proof squarely upon the party asserting privilege.  Accordingly, the proponent must provide the court with enough information to enable the court to determine privilege, and the proponent must show by affidavit that precise facts exist to support the claim of privilege." North Carolina Elec. Membership Corp. v. Carolina Power & Light Co., 110 F.R.D. 511, 515 (M.D. N.C. 1986)

"In requiring a party to prove the factual basis for its claims of privilege, the courts generally look to a showing based on affidavits or equivalent statements that address each document at issue," however, a party may instead rely on "an adequately detailed privilege log in conjunction with evidentiary submissions to fill in any factual gaps." Bowne of New York City, Inc. v. AmBase Corp., 150 F.R.D. 465, 473-74 (S.D. N.Y. 1993).  The privilege log should state (a) the attorney and client involved, (b) the nature of the document, (c) all persons or entities shown on the document to have received or sent the document, (d) all persons or entities known to have been furnished the document or informed of its substance, and (e) the date the document was generated, prepared, or dated, as well as provide information of the subject matter of each document.  See In re Grand Jury Investigation, 974 F.2d at 1071; see also Allendale Mut. Ins. Co. v. Bull Data Systems, Inc., 145 F.R.D. 84, 88 (N.D. Ill. 1992) (privilege log "should identify the date, the author and all recipients, along with their capacities. The log should also describe the document's subject matter, purpose for its production, and a specific explanation of why the document is privileged or immune from discovery.  These categories, especially this last

////

category, must be sufficiently detailed to allow the court to determine whether the discovery opponent has discharged its burden.").

Here, defendant does not challenge the adequacy of plaintiff's revised privilege log. In fact, at the August 18, 2023 hearing, defense counsel conceded that the revised privilege log "meets the technical requirements of a privilege log[.]"[1] Nonetheless, defendant asks the undersigned to review in camera plaintiff's withheld documents.

"In Camera review is not generally favored" and "the court should not conduct such a review solely because a party begs it to do so." Nishika, Ltd. v. Fuji Photo Film Co., Ltd., 181 F.R.D. 465, 467 (D. Nev. 1998). "In camera review should not replace the effective adversarial testing of the claimed privileges and protections." Diamond State Ins. Co. v. Rebel Oil Co., Inc., 157 F.R.D. 691, 700 (D. Nev. 1994).

Defendant argues it has a "good faith basis" for believing that plaintiff has improperly withheld documents based on an inadvertently produced July 16, 2020 email between non-attorney Hub employees. (JS (ECF No. 76) at 7.) Defense counsel reviewed this inadvertently produced email before plaintiff's "claw back." (Id.) Based on that review defendant "disagrees with Sacramento's characterization that the email chain discusses 'counsel's advice and strategy.'" (Id.) Plaintiff, not surprisingly, disagrees. (Id. at 19-20.) Defendant also argues that it has "a good faith basis for believing the remainders of the withheld documents contain not privileged information" based on "the totality of Sacramento's document production to date, and the small number of disputed documents[.]" (Id. at 8.)

Defendant's good faith belief alone, however, does not justify in camera review. In this regard, a court may review disputed discovery in camera where the party opposing the privilege shows "a factual basis sufficient to support a reasonable, good faith belief that in camera inspection may reveal evidence that information in the materials is not privileged." In re Grand

---

[1] Even where a privilege log is in fact deficient, in camera review is not the sole remedy. "When a party provides an inadequate or untimely privilege log, the Court may choose between four remedies: (1) give the party another chance to submit a more detailed log; (2) deem the inadequate log a waiver of the privilege; (3) inspect in camera all of the withheld documents; and (4) inspect in camera a sample of the withheld documents." Johnson v. Ford Motor Company, 309 F.R.D. 226, 234-35 (S.D. W. Va. 2015).

Jury Investigation, 974 F.2d 1068, 1075 (9th Cir. 1992). "Although the burden is relatively minimal, an evidentiary threshold must first be met by the party requesting review before the court may exercise its discretion."[2] Id. at 1072; see also Dickson v. Century Park East Homeowners Association, Case No. 2:20-cv-512 JWM MAAx, 2021 WL 3148878, at *11 (C.D. Cal. Mar. 9, 2021) ("that standard provides that the Court may conduct an in camera review of disputed documents only if the party that is opposing the assertion of privilege has shown, through nonprivileged evidence, a factual basis sufficient to support a reasonable, good faith belief that in camera inspection may reveal evidence that information in the materials is not privileged").

Here, defendant has not challenged plaintiff's privilege log and has not presented evidentiary support to justify in camera review. Instead, defendant relies on argument and its disagreement with plaintiff's characterization. That is not sufficient. Defendant's motion will, therefore, be denied.

## CONCLUSION

For the reasons stated above and at the August 18, 2023 hearing, IT IS HEREBY ORDERED that defendant's June 12, 2023 motion to compel (ECF No. 75) is denied.

Dated:  August 24, 2023

_/s/ Deborah Barnes_
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.civil/sacramento0441.oah.081823

---

[2] Even if a party makes the requisite showing, "the decision whether to conduct the review rests within the discretion of the district court." In re Grand Jury Investigation, 974 F.2d at 1075.