UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SACRAMENTO DOWNTOWN ARENA LLC; SACRAMENTO KINGS LIMITED PARTNERSHIP; SAC MUB1 HOTEL, LLC; and SGD RETAIL LLC,<br>      Plaintiffs,<br><br>  v.<br><br>FACTORY MUTUAL INSURANCE COMPANY, and DOES 1-10, inclusive,<br>      Defendants. | No. 2:21-cv-00441-KJM-SCR<br><br>ORDER |

Plaintiffs request this court seal part of a document submitted in support of plaintiffs' motion for partial summary judgment. *See generally* Seal Req. Notice, ECF No. 118. No opposition was filed.

There is a strong presumption in favor of public access to court records. *See Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002). However, "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). For dispositive motions, such as a partial motion for summary judgment, a request to seal can be granted only if the plaintiffs offer a "compelling reason" to keep the information in question from the public. *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096–97 (9th Cir. 2016) (quoting *Kamakana*, 447 F.3d at 1179); *see also Xie v. De Young Properties 5418, LP*,

1

1  No. 16-01518, 2018 WL 3241068, at *2 (E.D. Cal. July 2, 2018).  The party seeking to seal must
2  "articulate compelling reasons supported by specific factual findings, that outweigh the general
3  history of access and the public policies favoring disclosure, such as the public interest in
4  understanding the judicial process." *Kamakana*, 447 F.3d at 1178 (internal marks and citations
5  omitted).  The compelling-reasons standard applies even if a document was previously filed under
6  seal or was covered by a generalized protective order, including a discovery phase protective
7  order.  *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).  "Sources of
8  business information that might harm a litigant's competitive standing" may provide a compelling
9  reason to seal documents.  *Nixon v. Warner Commc'ns*, 435 U.S. 589, 597 (1978).

10  Here, plaintiffs seek to seal the second and third pages of a letter.  According to plaintiffs,
11  these pages should be sealed because they "contain[] highly sensitive business information: non-
12  public revenue, losses, and tenant rent information."  Seal Req. Notice at 2.  While courts in this
13  circuit have granted requests to seal limited amounts of business information, such requests have
14  been granted when movants specifically explain how disclosure of the information would harm
15  them.  *See Berlanga v. Polaris Indus., Inc.*, No. 21-00949, 2023 WL 2752483, at *2 (E.D. Cal.
16  Mar. 31, 2023) (collecting cases).

17  In this request, plaintiffs have not provided the court with enough information to grant
18  their request to seal the second page of the letter, which contains plaintiffs' representation of the
19  loss amounts in this matter.  *Cf. Ross v. Bar None Enterprises, Inc.*, No. 13-00234,
20  2014 WL 2700901, at *3 (E.D. Cal. June 13, 2014) (finding party had not made a particularized
21  showing of good cause to seal profit-and-loss statements and balance sheets).  The sparse
22  explanation included in the request does not "articulate the factual basis" for sealing this
23  information "without relying on hypothesis or conjecture."  *Kamakana*, 447 F.3d at 1182.  Thus,
24  on the current record, the court is unable to conclude plaintiffs will suffer any competitive
25  disadvantage if the lump sum losses they incurred during a few months in 2020 were disclosed.
26  However, as to sealing the tenant rent information contained in the chart on page three, the
27  court finds plaintiffs have provided detailed factual reasons sufficient to meet the compelling-
28  reasons standard.  *See, e.g.*, *United States v. Chen*, No. 17-00603, 2022 WL 2789557, at *2 (N.D.

Cal. July 14, 2022) (collecting cases and finding "[t]here are 'compelling reasons' to seal documents containing proprietary business information, including pricing and other negotiated terms"). These reasons do not support sealing the entire chart, which also includes tenants' names and when these tenants opened and closed during 2020. Therefore, only the portion of the chart that contains tenant rent information shall be sealed.

In sum, the court **grants in part** and **denies in part** plaintiffs' request to seal. The request is denied as to sealing the second page of the letter containing information on plaintiffs' loss amounts. The request is granted as to sealing only the tenant rent information contained in the right eleven columns of the chart on page three. Plaintiffs are directed to file Exhibit 60 on the public docket within seven (7) days of this order. In accordance with this order, only the eleven columns from "Monthly Rent (Aug. 2020)" to "Approximate Total Losses / Deferrals" shall be redacted.

The Clerk of Court shall file the Request to Seal on the public docket, and shall file the attached Exhibit 60 under seal to preserve the record with respect to plaintiffs' request.

This order resolves ECF No. 118.

IT IS SO ORDERED.

DATED: August 12, 2024.

_____
CHIEF UNITED STATES DISTRICT JUDGE